UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'   JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-01489-CAS-MARX | Date | May 15, 2026 |
| Title | Manuel Gonzalez v. Los Angeles Police Department et al. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                         Not Present

**Proceedings:**   (IN CHAMBERS) - DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 36, filed on April 10, 2026)

## I.    INTRODUCTION

On February 21, 2025, plaintiff Manuel Gonzalez ("Gonzalez") filed this action against defendants Los Angeles Police Department ("LAPD"), the City of Los Angeles (the "City"), Officer Vega ("Vega") (collectively, "defendants"), and DOES 1 through 10. Plaintiff asserts ten claims for relief: (1) malicious prosecution in violation of the Fourth Amendment, pursuant to 42 U.S.C. § 1983 ("Section 1983"), against Vega; (2) fabrication of evidence in violation of the Fourteenth Amendment, pursuant to Section 1983, against Vega; (3) suppression of exculpatory evidence in violation of the Fourteenth Amendment, pursuant to Section 1983, against Vega; (4) unlawful continued detention in violation of the Fourteenth Amendment, pursuant to Section 1983, against Vega; (5) false identification in violation of the Fourteenth Amendment, pursuant to Section 1983, against Vega; (6) municipal liability, pursuant to Section 1983, against LAPD and the City; (7) negligence, against Vega and the City; (8) malicious prosecution, against Vega and the City; (9) false arrest and false imprisonment, against all defendants; and (10) violation of California Civil Code §52.1 ("Bane Act"), against all defendants. Dkt. 1 ("Compl.").

On April 10, 2026, defendants filed the instant motion for summary judgment. Dkt. 36 ("Mot."). Defendants concurrently filed a statement of uncontroverted facts. Dkt. 37.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'    JS-6**

| Case No. | 2:25-cv-01489-CAS-MARX | Date | May 15, 2026 |
|---|---|---|---|
| Title | Manuel Gonzalez v. Los Angeles Police Department et al. | | |

On April 20, 2026, plaintiff filed an opposition to defendants' motion. Dkt. 45 ("Opp."). Plaintiff concurrently filed a statement of genuine disputes, dkt. 45-1 at 2-7, and a statement of additional material facts, dkt. 45-1 at 7-12.

On April 27, 2026, defendants filed a reply. Dkt. 51 ("Reply"). Defendants concurrently filed a response to plaintiff's statement of genuine disputes, dkt. 51-1 at 3-10, and a response to plaintiff's statement of additional material facts, dkt. 51-1 at 10-22. The response covers the 12 facts asserted by defendants ("Resp. 1"), and the 23 additional facts independently asserted by plaintiff ("Resp. 2").

On May 11, 2026, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

Unless otherwise noted, the Court references only facts that are uncontroverted and to which evidentiary objections, if any, have been overruled.

On November 12, 2023, at approximately 2:39pm, Andre Sanders ("Sanders") was assaulted and robbed (the "crime" or "underlying crime"). Resp. 1 ¶ 1. According to a Los Angeles Police Department Follow-Up Investigation report of the crime, DR No. 23-0220884, dated November 13, 2023, Sanders was assaulted by three individuals inside Gourmet Liquors, located at 826 S Alvarado St., Los Angeles, CA 90057; Sanders was subsequently transported to a hospital for treatment. See dkt. 36-2 at 2. Sanders' assault and robbery were recorded by surveillance video ("crime video"). Id.

On November 12, 2023, Officer Vega reviewed video footage of the parking lot outside Gourmet Liquors, which was recorded on the same day at approximately 1:57pm ("parking lot video"), before the crime. Id. The record indicates that Officer Vega is a gang officer who had been assigned to monitor the "Crazy Riders" gang, which was known by police to frequent the parking lot of Gourmet Liquors. Dkt. 36-2 at 2. After reviewing the parking lot video, Officer Vega identified three individuals who appeared in the parking lot video as Angel Oliberos, Brian Esparza, and plaintiff Manuel Gonzalez, all of whom are documented Crazy Riders gang members or affiliates. Dkt. 36-2 at 2. The individual that Officer Vega identified as plaintiff in the parking lot video was wearing a blue baseball cap, white long sleeve shirt, blue jeans, white shoes, and a black satchel across his chest. Id.; dkt. 36-10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'    JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-01489-CAS-MARX | Date | May 15, 2026 |
| Title | Manuel Gonzalez v. Los Angeles Police Department et al. | | |

Officer Vega also reviewed the crime video and identified the three suspects in the crime video as the same three individuals in the parking lot video taken approximately forty-five minutes before the crime video—that is, Angel Oliberos, Brian Esparza, and plaintiff Manuel Gonzalez. Dkt. 36-2 at 2. The crime video, which is in black and white, depicts an individual wearing a dark baseball cap, a white or light-colored long sleeve shirt, long pants, white or light-colored shoes, and a dark satchel across his chest. Dkt. 36-7 (crime video). Officer Vega later testified that she identified plaintiff as a suspect in the crime video based on her prior encounters with plaintiff at Gourmet Liquors; Officer Vega testified that plaintiff's physical appearance and style of dress resembled those of the suspect depicted in both the crime video and the parking lot video. See Dkt. 40-2 at 46-47.

At a later time, LAPD officers conducted a photographic line up with Sanders to identify his assailants; however, due to his injuries that affected his vision, Sanders was unable to clearly see the photographic line-ups and was unable to identify any suspect. Id. ¶ 2; dkt. 36-2 at 3.

Officer Vega misidentified plaintiff as a suspect in the crime: On November 12, 2023, plaintiff was nowhere near the scene of the underlying crime. Resp. 2 ¶ 1. Plaintiff had zero connection to the crime. Id. ¶ 2.

The parties dispute whether the suspect who committed the crime was an individual who resembled plaintiff. Id. ¶ 3. On May 23, 2023, around six months before the crime, plaintiff obtained a large tattoo on his neck. Id. ¶ 6; Resp. 1 ¶ 4. In the surveillance video of the crime that Officer Vega reviewed, Officer Vega could not see any tattoos on the suspect. Resp. 2 ¶¶ 8, 13. The parties dispute whether, prior to Officer Vega's identification of plaintiff as a suspect in the crime, Officer Vega should have known that plaintiff had a neck tattoo. See Resp. 1 ¶ 7; dkt. 40-2, Ex. 1, at 46-49. Defendants contend that prior to March 8, 2024, Officer Vega did not know and had no reason to know that plaintiff had a neck tattoo. See Resp. 1 ¶ 7.

The record also indicates that plaintiff has or has had tattoos on his right and left arms. Dkt. 50-8 (Los Angeles County Consolidated Criminal History System Report for plaintiff, dated December 5, 2022); Dkt. 50-9 (plaintiff's RAP sheet, dated November 14, 2023). However, any such arm tattoos would not have been visible to Officer Vega because the individual she identified as plaintiff in the crime video was wearing a long sleeve shirt. Dkt. 36-7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'    JS-6**

| Case No. | 2:25-cv-01489-CAS-MARX | Date | May 15, 2026 |
|---|---|---|---|
| Title | Manuel Gonzalez v. Los Angeles Police Department et al. | | |

In connection with the crime, the Los Angeles District Attorney's Office charged plaintiff with one felony violation of Cal. Pen. Code § 243(d) and sent him a letter notifying him that his arraignment date was on December 4, 2023. Resp. 1 ¶ 6. On December 4, 2023, plaintiff was arraigned for the crime, which he asserts did not commit. Resp. 2 ¶ 9.

Officer Vega testified at plaintiff's preliminary hearing, on March 8, 2024, that one of the suspects in the crime was plaintiff. Resp. 1 ¶ 11. The parties dispute whether Officer Vega's identification of plaintiff as a suspect was entirely predicated on the surveillance video of the crime that she watched or predicated on other information. Resp. 2 ¶ 12. Defendants contend that Officer Vega identified plaintiff based in part on Officer Vega's previous contacts with plaintiff, where plaintiff was located, the other people near plaintiff, the clothing plaintiff was wearing, plaintiff's physical appearance, and the similarity of plaintiff's appearance to the suspect in the surveillance video of the crime. Id.

The judge at the preliminary hearing held plaintiff to answer to the felony charge and found that there was probable cause that plaintiff had committed a violation of Cal. Pen. Code § 243(d); the parties dispute the extent to which the judge relied on Officer Vega's testimony in reaching his ruling. Id. ¶ 14, Resp. 1 ¶ 9. At the preliminary hearing, the judge reached his ruling with respect to plaintiff after hearing Officer Vega's testimony and receiving into evidence screenshots of the parking lot video. See dkt. 40-2 at 3, 5. Because plaintiff was also present at the preliminary hearing, defendants contend that the judge was able to observe and compare the physical appearance of plaintiff to the suspect appearing in the screenshots of the parking lot video. Resp. 2 ¶ 14. The parties agree that plaintiff was never arrested in connection with the crime. Resp. 1 ¶ 8.

On April 26, 2024, the district attorney moved to dismiss the charge against plaintiff. Resp. 2 ¶ 15. The district attorney moved to dismiss the charge after reviewing the video surveillance of the crime and certain photographs. Id. ¶ 16. In moving to dismiss the charge against plaintiff, the district attorney stated that "it seems pretty clear to me this person in court [i.e., plaintiff] is not the actual suspect who committed the crime in this case." Id. ¶ 17. At the April 26, 2024 hearing, the court also noted that plaintiff looked "a little older" than the other two suspects. Id. ¶ 18.

Mr. Alimouri, plaintiff's public defender at plaintiff's March 8, 2024 preliminary hearing in relation to the crime, has been designated. Id. ¶ 19. Mr. Alimouri has opined

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**   **JS-6**

| Case No. | 2:25-cv-01489-CAS-MARX | Date | May 15, 2026 |
|---|---|---|---|
| Title | Manuel Gonzalez v. Los Angeles Police Department et al. | | |

that Officer Vega was "the linchpin" of the charge filed against plaintiff because Officer Vega identified plaintiff as one of the perpetrators of the crime. See id. ¶ 20. Mr. Alimouri also opined that the district attorney relies on the investigation of law enforcement to file charges and criminal charges are predicated on information submitted by officers such as Officer Vega. Id. ¶ 22. Mr. Alimouri also opined that in the dozen to two dozen cases that he has handled as a public defender in which the Los Angeles Police Department has been the investigative agency, each of the accused was innocent of the crimes which he was alleged to have committed. See id. ¶ 23.

No LAPD officer ever threatened, intimidated, coerced or committed any violence toward plaintiff on the underlying criminal case against him. Resp. 1 ¶ 12.

**III.   LEGAL STANDARD**

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'    JS-6**

| Case No. | 2:25-cv-01489-CAS-MARX | Date | May 15, 2026 |
|---|---|---|---|
| Title | Manuel Gonzalez v. Los Angeles Police Department et al. | | |

favorable to the party opposing the motion." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citation omitted); <u>Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.</u>, 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. <u>See</u> <u>Matsushita</u>, 475 U.S. at 587.

## IV. DISCUSSION

Defendants move for summary judgment on all of plaintiff's claims. Mot. at ii.

### A. Section 1983 Claims

#### 1. <u>Malicious Prosecution</u>

Defendants argue that plaintiff's malicious prosecution claim fails because there was probable cause to charge plaintiff with a violation of Cal. Pen. Code § 243(d). Mot. at 2-4. Defendants argue that the issue of whether there was probable cause to arrest plaintiff was decided at plaintiff's preliminary hearing and has issue-preclusive effect in this action. <u>Id.</u> at 4. Moreover, defendants argue that investigating officers have prosecutorial immunity from suit because there is no evidence that that the investigating officers—including Officer Vega—lied, fabricated evidence, or intentionally concealed exculpatory evidence at plaintiff's preliminary hearing. <u>See id.</u> at 5-6 (citing cases).

In opposition, plaintiff argues that Officer Vega is not entitled to summary judgment on plaintiff's malicious prosecution claim because "[plaintiff's] criminal prosecution was induced by fraud, perjury, fabricated evidence and other wrongful conduct by Defendant Vega because Defendant Vega committed perjury on the stand." Opp. at 5. Plaintiff does not explain in what particular respect Officer Vega allegedly committed perjury or point to evidence in the record suggesting that Officer Vega provided false testimony with knowledge of its falsity. <u>See generally</u> Opp. Plaintiff also argues that there is a genuine dispute of fact as to whether Officer Vega acted with malice because "there was zero probable cause" for plaintiff's arrest and because "Defendant Vega engaged in willful misconduct when she committed perjury." <u>Id.</u> at 6. Plaintiff contends that "there was zero probable cause because Plaintiff was completely innocent." <u>Id.</u> at 5. Finally, plaintiff argues that the probable cause determination made at plaintiff's preliminary hearing has no issue-preclusive effect in this civil case because the preliminary hearing to determine probable cause was not a final judgment on the merits. <u>Id.</u> at 6-7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'    JS-6**

| Case No. | 2:25-cv-01489-CAS-MARX | Date | May 15, 2026 |
|---|---|---|---|
| Title | Manuel Gonzalez v. Los Angeles Police Department et al. | | |

In reply, defendants argue that plaintiff's malicious prosecution claim fails because probable cause determinations made at preliminary hearings to determine if a defendant shall be held to answer to the charges against him have issue-preclusive effect. Reply at 1-3.

When a malicious prosecution claim is filed against police officers, their liability is generally limited due to the presumption of prosecutorial independence. Awabdy v. City of Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004) ("Ordinarily, the decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor, and thus, precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings.") (citing Smiddy v. Varney, 665 F.2d 261, 266–68 (9th Cir. 1981)). As the Ninth Circuit explained in Smiddy, this presumption exists "because the other actors who decided to continue to hold [the criminal defendant], the district attorney and the municipal court judge, are absolutely immune from liability under section 1983." 665 F.2d at 267. However, this presumption is overcome if the accused "state or local officials ... improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." Awabdy, 368 F.3d at 1067; but see Newman v. Cty. of Orange, 457 F. 3d 991, 993 (9th Cir. 2006) (holding that "a plaintiff's account of the incident in question, by itself, does not overcome the presumption of independent judgment"). "The plaintiff bears the burden of producing evidence to rebut" the presumption of independent judgment. Id. at 993. See also Cones v. Cnty. of Los Angeles, No. CV14-8281 PSG (PLAX), 2016 WL 7435329, at *5 (C.D. Cal. Mar. 22, 2016) ("presumption is rebutted where officers present the district attorney with information they *know* to be false") (emphasis added) (citing Smiddy, 665 F.2d at 266-67). See also Est. of Tucker ex rel. Tucker v. Interscope Recs., Inc., 515 F.3d 1019, 1030 (9th Cir. 2008) ("Under California law, a malicious prosecution claim is disfavored.").

Here, the Court finds that Officer Vega is entitled to summary judgment on plaintiff's malicious prosecution claim against her because she is entitled to the presumption of prosecutorial immunity. There is no evidence that Officer Vega acted with malice in this case such that the presumption of prosecutorial immunity may be overcome. Plaintiff contends that Officer Vega maliciously and recklessness identified plaintiff as the suspect in the surveillance video of the crime because she should have known that plaintiff had a neck tattoo, and yet she testified that she could not see any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**   **JS-6**

| Case No. | 2:25-cv-01489-CAS-MARX | Date | May 15, 2026 |
|---|---|---|---|
| Title | Manuel Gonzalez v. Los Angeles Police Department et al. | | |

tattoos on the suspect in the video.  See Resp. 1 ¶ 7.  However, there is no evidence that Officer Vega knew or should have known that plaintiff had a neck tattoo prior to her identifying plaintiff as a suspect in the crime; although Officer Vega was familiar with plaintiff based on previous contacts with him that took place while she was on patrol before the November 12, 2023 crime, see dkt. 40-2, Ex. 1, at 46-49, there is no evidence that she encountered plaintiff between May 23, 2023—when plaintiff got his neck tattoo—and November 12, 2023, the date of the crime, nor is there any evidence of malice.  See Dkt. 36-5, Ex. 6 (Deposition of plaintiff), at 112 (plaintiff stating, "I don't think, no," to the question: "[B]etween the time period of May 23rd, 2023, when you got your head and neck tattoo, and November 12 of 2023, did you ever see Officer Vega?"); Dkt. 36-6, Ex. 7 (Deposition of Officer Vega), at 38 (Officer Vega stating that "the first time of [her] hearing that [plaintiff] had a neck tattoo [was on March 8, 2024]").  Moreover, even if plaintiff had arm tattoos, see dkts. 50-8 and 50-9, and even if Officer Vega knew or should have known of plaintiff's arm tattoos, such tattoos would not have been visible to Officer Vega because the individual she identified as plaintiff in the crime video was wearing a long sleeve shirt.  Dkt. 36-7.  Thus, plaintiff's suggestion that Officer Vega falsely and maliciously identified plaintiff as a suspect of the crime, with knowledge that he could not have committed the crime based on the presence or absence of a tattoo on the suspect in the video, is not supported by any evidence.  Rather, the evidence indicates that Officer Vega identified plaintiff as a suspect in the underlying crime based on her observations and contacts with plaintiff, none of which evince malice or the absence of good faith on her part; these include Officer Vega's previous encounters with plaintiff in the vicinity of where the crime occurred, plaintiff's physical appearance during those encounters, and the similarity of plaintiff's appearance to that of the suspect in the surveillance video of the crime.  See Dkt. 40-2, Ex. 1 (March 8, 2024 Preliminary Hearing Transcript), at 46-49.

Moreover, plaintiff's argument that Officer Vega perjured herself during plaintiff's preliminary hearing is not supported by any evidence.  Plaintiff states that "[plaintiff's] criminal prosecution was induced by fraud, perjury, fabricated evidence and other wrongful conduct by Defendant Vega because Defendant Vega committed perjury on the stand."  Opp. at 9.  However, plaintiff cites no evidence to support these assertions.  See id.

Plaintiff also fails to cite any evidence that Officer Vega intended to deprive him of a specific constitutional right, which is a necessary element of a federal constitutional malicious prosecution claim.  See Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**   **JS-6**

| Case No. | 2:25-cv-01489-CAS-MARX | Date | May 15, 2026 |
|----------|------------------------|------|--------------|
| Title | Manuel Gonzalez v. Los Angeles Police Department et al. | | |

Cir. 1995) ("Malicious prosecution, by itself, does not constitute a due process violation;
to prevail [a plaintiff] must show that the defendants prosecuted her with malice and
without probable cause, and that they did so for the purpose of denying her equal
protection or another specific constitutional right.") (emphasis added).  For these reasons
alone, Officer Vega is entitled to summary judgment on plaintiff's malicious prosecution
claim pursuant to Section 1983.

2.     Fabrication of Evidence (*Devereaux* Claim)

Defendants argue that plaintiff's claim for fabrication of evidence fails because
"(1) Plaintiff cannot prove [Officer Vega] knew or should have known he was innocent;
and (2) Plaintiff is precluded from relitigating the officer's credibility."  Mot. at 6-7.

In opposition, plaintiff argues that "Defendant Vega clearly fabricated evidence …
by committing perjury on the stand during the preliminary hearing."  Opp. at 9.  Plaintiff
further argues that "circumstantial evidence of fabrication also exists" because
"Defendant Vega knew that [plaintiff] was innocent because it was a completely different
person involved in the crime."  Id.

In reply, defendants argue that plaintiff has not provided the Court with any
evidence that supports his Devereaux claim.  Reply at 3.  They argue that there is no
evidence that Officer Vega fabricated anything and no evidence that she intentionally
misidentified plaintiff as a suspect in the crime.  Id.

"[T]here is a clearly established constitutional due process right not to be subject to
criminal charges on the basis of false evidence that was deliberately fabricated by the
government."  Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001).  "To prevail on
a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant
official deliberately fabricated evidence and (2) the deliberate fabrication caused the
plaintiff's deprivation of liberty."  Spencer v. Peters, 857 F.3d 789, 798 (9th Cir. 2017).
"A plaintiff can prove deliberate fabrication in several ways. Most basically, a plaintiff
can produce direct evidence of deliberate fabrication."  Caldwell v. City & Cnty. of San
Francisco, 889 F.3d 1105, 1112 (9th Cir. 2018).  "Alternatively, a plaintiff can produce
circumstantial evidence related to a defendant's motive."  Id. (citing Devereaux, 263 F.3d
at 1076).  "[T]o prove a fabrication claim using circumstantial evidence, a plaintiff must:
support[] at least one of the following two propositions: (1) [d]efendants continued their
investigation … despite the fact that they knew or should have known that [the plaintiff]
was innocent; or (2) [d]efendants used investigative techniques that were so coercive and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**      **JS-6**

| Case No. | 2:25-cv-01489-CAS-MARX | Date | May 15, 2026 |
|---|---|---|---|
| Title | Manuel Gonzalez v. Los Angeles Police Department et al. | | |

abusive that they knew or should have known that those techniques would yield false information." Id. (quoting Devereaux, 263 F.3d at 1076) (cleaned up).

Here, plaintiff's fabrication of evidence claim fails because there is no evidence that Officer Vega deliberately fabricated evidence. Plaintiff states that "Defendant Vega fabricated her own account of the events and then fabricated evidence by committing perjury on the stand during the preliminary hearing." Opp. at 9. However, plaintiff cites no evidence to support this claim. See id. There is no evidence that Officer Vega continued her investigation despite knowing that plaintiff was innocent. See Devereaux, 263 F.3d at 1076. As discussed, although Officer Vega testified that she could not see any tattoos on the suspect in the video of the crime, there is no evidence that she knew or should have known that plaintiff had a neck tattoo before she identified him as the suspect; accordingly, there is no evidence that Officer Vega knew or should have known that plaintiff was innocent before she made her identification of plaintiff as the suspect. Moreover, there is no evidence that "[d]efendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." Devereaux, 263 F.3d at 1076. For these reasons alone, Officer Vega is entitled to summary judgment on plaintiff's Devereaux claim.

> 3.      Suppression of Evidence (*Brady* Claim)

Defendants argue that plaintiff lacks standing to maintain a Brady claim because he was never tried or convicted for the criminal charge against him, which was dismissed. Mot. at 8.

In opposition, plaintiff argues that Officer Vega's perjured testimony at plaintiff's preliminary hearing harmed him. Opp. at 10. Plaintiff argues that "Defendant Vega acted deliberately indifferent because she knew the risks of her actions would lead to the continued prosecution of Mr. Gonzalez, yet she proceeded with her course of conduct and provided false testimony." Plaintiff further argues that "Defendant Vega suppressed evidence when she presented a false report." Id. Plaintiff does not cite any evidence substantiating his assertions that Officer Vega provided false testimony, perjured herself, or presented a false report. Id.

In reply, defendants argue that there is no evidence that Officer Vega presented a false report or provided perjured testimony. Reply at 4. Moreover, they argue that Officer Vega cannot be held liable for perjured testimony because she is absolutely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**   **JS-6**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-01489-CAS-MARX | Date | May 15, 2026 |
| Title | Manuel Gonzalez v. Los Angeles Police Department et al. | | |

immune from liability with respect to any Section 1983 claim based on her testimony. <u>Id.</u> at 4 (citing <u>Rehberg v. Paulk</u>, 566 U.S. 356, 366 (2012)).

"The Ninth Circuit has not published a precedential decision that addresses whether an individual whose case results in dismissal of the criminal charges or acquittal can bring a Section 1983 claim for <u>Brady</u> violations." <u>Washington v. White</u>, No. 18-CV-00333-WHO, 2018 WL 2287676, at *9 (N.D. Cal. May 18, 2018) (citing cases). However, the Court need not resolve this issue because plaintiff's <u>Brady</u> claim fails on other grounds.

"The elements of a civil <u>Brady</u> … claim against a police officer are: (1) the officer suppressed evidence that was favorable to the accused from the prosecutor and the defense, (2) the suppression harmed the accused, and (3) the officer 'acted with deliberate indifference to or reckless disregard for an accused's rights or for the truth in withholding evidence from prosecutors.'" <u>Mellen v. Winn</u>, 900 F.3d 1085, 1096 (9th Cir. 2018) (citation omitted).

Here, there is no evidence that Officer Vega suppressed evidence, either intentionally or inadvertently. <u>See Gonzalez v. Wong</u>, 667 F.3d 965, 981 (9th Cir. 2011) ("<u>Brady</u> does not require a showing that the state willfully or intentionally suppressed the evidence; even inadvertent suppression will satisfy this prong of the test."). There is no evidence that Officer Vega presented any false report, and even if she did, such conduct does not constitute "suppression" of evidence. <u>See Wertheimer v. Davies</u>, No. CV 07-8158-MMM (E), 2009 WL 409850, at *7 (C.D. Cal. Feb. 18, 2009) ("In the context of <u>Brady</u>, to suppress evidence means to conceal, withhold or fail to disclose the evidence."). Nor is there evidence that Officer Vega acted with deliberate indifference or reckless disregard for plaintiff's rights or for the truth. Defendants have met their initial burden of demonstrating the absence such facts necessary for plaintiff's <u>Brady</u> claim, and plaintiff does not cite evidence in the record showing that there is a genuine dispute as to these facts. Accordingly, Officer Vega is entitled to summary judgment on plaintiff's <u>Brady</u> claim.

####     4.     Prolonged Detention (*Tatum-Lee* Claim)

Defendants argue that plaintiff's claim for unlawful continued detention in violation of the Fourteenth Amendment fails because plaintiff was never detained. Mot. at 8-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**     **JS-6**

| Case No. | 2:25-cv-01489-CAS-MARX | Date | May 15, 2026 |
|---|---|---|---|
| Title | Manuel Gonzalez v. Los Angeles Police Department et al. | | |

In response, plaintiff states that "[he] dismisses his <u>Tatum-Lee</u> claim." Opp. at 10.

"<u>Tatum-Lee</u> claims are 'restricted to detentions of (1) unusual length, (2) caused by the investigating officers' failure to disclose highly significant exculpatory evidence to prosecutors, and (3) due to conduct that is culpable in that the officers understood the risks to the plaintiff's rights from withholding the information or were completely indifferent to those risks.'" <u>Parker v. Cnty. of Riverside</u>, No. EDCV 21-1280 JGB (KKX), 2023 WL 11952790, at *6 (C.D. Cal. Nov. 21, 2023) (citing <u>Tatum v. Moody</u>, 768 F.3d 806, 819-20 (9th Cir. 2014)). Here, there is no evidence that plaintiff was detained. For this reason alone, Officer Vega is entitled to summary judgment on plaintiff's <u>Tatum-Lee</u> claim.

> 5.      <u>False Identification (*Manson-Biggers* Claim)</u>

Defendants argue that plaintiff's false identification claim fails because "[t]he victim [of the underlying crime] was unable to make an identification due to his injuries[;] therefore no one was identified, let alone misidentified by the victim." Mot. at 9.

In response, plaintiff states that "[he] dismisses his <u>Manson-Biggers</u> claim." Opp. at 11.

"Due process requires courts to assess, on a case-by-case basis, whether improper police conduct created a substantial likelihood of [eyewitness] misidentification. Reliability of the *eyewitness identification* is the linchpin of that evaluation." <u>Perry v. New Hampshire</u>, 565 U.S. 228, 239 (2012) (emphasis added) (cleaned up) (citing <u>Neil v. Biggers</u>, 409 U.S. 188, 201 (1972) and <u>Manson v. Brathwaite</u>, 432 U.S. 98, 116 (1977)). Here, no eyewitness evidence was offered. Accordingly, Officer Vega is entitled to summary judgment on plaintiff's <u>Manson-Biggers</u> claim.

> 6.      *Monell* Claim

"There can be no <u>Monell</u> liability if there is no underlying violation of a constitutional right." <u>Rosalia v. City of Hayward</u>, No. 22-16135, 2023 WL 5842308, at *2 (9th Cir. Sept. 11, 2023) (citing <u>City of L.A. v. Heller</u>, 475 U.S. 796, 799 (1986)). Here, plaintiff fails to adduce evidence in support of any claim for a violation of his constitutional rights. For this reason alone, summary judgment on plaintiff's <u>Monell</u> claim is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'    JS-6

| Case No. | 2:25-cv-01489-CAS-MARX | Date | May 15, 2026 |
|----------|------------------------|------|--------------|
| Title | Manuel Gonzalez v. Los Angeles Police Department et al. | | |

**B.     State Law Claims**

1.     Malicious Prosecution

Defendants argue that plaintiff's malicious prosecution claim is not cognizable under California state law because "Cal. Civ. Code § 821.6 provides immunity against liability for claims based on tortious or wrongful prosecutions, regardless of whether those prosecutions were negligent, reckless, or malicious." Mot. at 14.

In opposition, plaintiff argues that "Section 821.6 immunity does not apply because the immunity does not extend to investigation leading up to formal proceedings." Opp. at 15 (citing Mendez v. Cnty. of Los Angeles, 897 F.3d 1067, 1083 (9th Cir. 2018).

In reply, defendants argue that "Mendez does recognize that [Section] 821.6 immunity applies to acts done in furtherance of an investigation into a crime." Reply at 9.

The Ninth Circuit has held that Section 821.6 immunity "is limited to malicious-prosecution claims" under California state law, Sharp v. Cnty. of Orange, 871 F.3d 901, 920 (9th Cir. 2017), and the immunity "'extends to actions taken in preparation for formal proceedings,' including actions 'incidental to the investigation of crimes.'" Blankenhorn v. City of Orange, 485 F.3d 463, 488 (9th Cir. 2007) (citation omitted). Here, it is undisputed that Officer Vega's allegedly malicious conduct was taken "in furtherance of an investigation into a crime," Mendez v. Cnty. of Los Angeles, 897 F.3d 1067, 1083 (9th Cir. 2018), because Officer Vega identified plaintiff as a suspect in the crime pursuant to the LAPD's investigation of the underlying crime. See Resp. 1 ¶ 3. Accordingly, under section 821.6, Officer Vega is immune from plaintiff's state law claim for malicious prosecution. Similarly, the City is immune from plaintiff's state law claim for malicious prosecution under California Government Code § 815.2(b). See Robinson v. Solano Cnty., 278 F.3d 1007, 1016 (9th Cir. 2002) ("[Cal. Gov't Code § 815.2] grants immunity to [public entities] only where the public employee would also be immune.").

Accordingly, Officer Vega and the City are entitled to summary judgment on plaintiff's state law malicious prosecution claim against them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**   **JS-6**

| Case No. | 2:25-cv-01489-CAS-MARX | Date | May 15, 2026 |
|---|---|---|---|
| Title | Manuel Gonzalez v. Los Angeles Police Department et al. | | |

2.      <u>False Arrest</u>

Defendants argue that plaintiff's false arrest claim fails because plaintiff was never arrested. Mot. at 14. They also argue that even if plaintiff had been arrested, the claim fails because probable cause is a complete defense to a false arrest claim. <u>Id.</u> (citing <u>Hamilton v. City of San Diego</u>, 217 Cal.App.3d 838, 844 (1990)).

In response, plaintiff states that "[he] dismisses his false arrest claim." Opp. at 15.

There is no evidence that plaintiff was arrested for the underlying crime. Accordingly, the defendants are entitled to summary judgment on plaintiff's false arrest claim.

3.      <u>Negligence</u>

Defendants argue that plaintiff's claim for negligence fails because they are immune from suit. Mot. at 16. Defendants argue that Government Code § 820.2 immunizes Officer Vega her alleged negligent conduct—reviewing the surveillance video and photographs relevant to the underlying crime and exercising her judgment in identifying plaintiff as a suspect in the crime—constitute discretionary actions that are immunized under Section 820.2. <u>Id.</u> Moreover, defendants argue that Government Code § 815.2(b) immunizes the City from suit because it provides that: "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." <u>Id.</u>

In opposition, plaintiff argues that section 820.2 immunity does not shield Officer Vega from suit because section 820.2 immunizes only basic policy decisions, and Officer Vega's negligent conduct was not a basic policy decision. Opp. at 16-17 (citing cases).

In reply, defendants argue that there is no evidence that Officer Vega or the City were negligent. Reply at 10.

The Court need not address the scope of Government Code § 820.2 immunity here because plaintiff's negligence claim fails in any event. Plaintiff states that "Defendant Vega was clearly negligent. Defendant Vega owed Plaintiff a duty of care and she breached that duty of care with her false report and perjury testimony." Opp. at 17. As discussed, plaintiff cites no evidence to support these claims. <u>See id.</u> Plaintiff has not adduced any evidence that suggests that Officer Vega submitted or authored a false report

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                    'O'   JS-6

| Case No. | 2:25-cv-01489-CAS-MARX | Date | May 15, 2026 |
|----------|------------------------|------|--------------|
| Title | Manuel Gonzalez v. Los Angeles Police Department et al. | | |

or offered perjured testimony in relation to the crime that plaintiff was charged with. There is also no evidence that the City was negligent. Accordingly, Officer Vega and the City are entitled to summary judgment on plaintiff's claim for negligence.

        4.      <u>Bane Act</u>

Two elements are required to state a Bane Act claim: "(1) intentional interference or attempted interference with a state or federal constitutional or legal right; and (2) the interference or attempted interference was by threats, intimidation or coercion." <u>McFarland v. City of Clovis</u>, 163 F. Supp. 3d 798, 806 (E.D. Cal. 2016) (citing Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (2015)).

Because there is no evidence suggesting that plaintiff's state or federal constitutional rights were violated, plaintiff's Bane Act claim fails. Even if there were any evidence that plaintiff's state or federal constitutional rights were violated, plaintiff's Bane Act claim fails because there is no evidence that any defendant intentionally interfered with plaintiff's rights by threats, intimidation, or coercion.

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion for summary judgment on all claims.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |